## Case No. 12,676.

SETZER v. The SYLVIA DE GRASSE.

[3 Betts, D. C. MS. 46.]

District Court, S. D. New York. Jan. 17, 1843.

SEAMEN'S WAGES — MISCONDUCT OF MATE— ABANDONMENT OF WATCH—DISRATING.

[1. For the mate, during his watch in the night, to go below and turn into his berth, leaving the ship with no officer in command of the watch, is sufficient, when unexplained or unexcused, to justify the master in disrating him, and sending him forward as one of the crew.]

[2. Where it is shown that the mate was in his berth during the time for his watch on deck, it is not necessary to prove affirmatively that he was called, on the change of watch, but it will be presumed, until the contrary is shown, that the ordinary routine was pursued, and the burden is upon him to show any facts which would excuse or exculpate him for the apparent neglect of duty.]

[This was a libel for wages by Isaac T. Setzer against the ship Sylvia De Grasse, Bolton, Fox & Livingston, claimants.]

BETTS, District Judge. This court has repeatedly ruled, upon the clear authority of foreign and domestic adjudications, that the master may dismiss a mate or other officer of the ship during a voyage for misbehavior or incompetency. The Elizabeth Frith [Case No. 4,361]; Thompson v. Busch [Id. 13,944];

[U. S. v. Savage, Id. 16,225]; [The Mentor, Id. 9,427]; Foster v. Neilson, 2 Pet. [27 U. S.] 261; Mitchell v. The Orozimbo [Case No. 9,667]. The inattention of a mate to his duties while in command of the deck, as, especially, sleeping on his watch, has been marked as an instance of gross and culpable misconduct, well justifying his instant degradation, or the denial of wages as a mode of punishment. It is proved in this case that, while it was the libelant's watch on deck, in the night, he went below, and turned into his berth, leaving the ship without any officer in command of the watch. The master came on deck and found the ship had reversed her true course and the libelant asleep below, and he immediately disrated him, and sent him forward, and put him on duty as one of the crew. An action at law was brought by the mate against the master after the arrival of the ship at this port, for personal wrongs done him on the voyage, and also "for discharging him, and driving him forward into the forecastle, and making him do duty as a seaman," and a recovery of $250 has been had for those injuries.

Whatever of wrong therefrom there might be in the manner of exercising this authority, or the disgrace and discomfort inflicted by subjecting the libelant to associate and perform duty with the crew, was embraced within and compensated by that action. It being proved to be the duty of the libelant to hold his watch on deck, and that it was not performed, he must supply an adequate excuse for the omission. The master need not prove affirmatively that the libelant was called on the change of watch to take his station on deck. The ordinary routine of duties will be presumed to have been pursued until the contrary is shown, and if the exculpation of the libelant lies in his not being assigned to this particular watch, or being relieved from it, for sickness or any other cause, the evidence to establish that exemption must come from him. He puts this cause to trial, demanding the full recovery of wages as mate for the voyage, and he must accordingly be prepared to meet and repel every proof calculated to take away or diminish his claim. The issue was most distinctly before him. This demand for wages was contested because of malfeasance in his office. It was, therefore, enough for the owners to prove that, when it was the libelant's watch on deck, he was off his post and in his berth, and he must be prepared to offer clear justification in his own behalf. None touching the point has been offered by him. He has called no witness to prove he was not put in charge of the ship on that watch,— no one to prove his physical inability to hold the watch.

I do not go into the proofs offered showing other acts of negligence, misconduct, or incompetency in the libelant. This one gross dereliction of duty, involving in the most eminent degree the safety of the ship, directly

proved by the oath of the master, and in no way excused or extenuated, is all-sufficient to bar the libelant the recovery of wages as mate; and the decree is against him accordingly.

There is some statement of a tender of wages to him as a seaman, but the facts attending it, or the time it was made, are not given now, so that I can now adjust the decree definitively. I will settle its terms, and dispose of the costs, when put in possession of those particulars more exactly. Decree accordingly.